IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY SALTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-00464-KD-M |
| | ) |
| K & W SECURITY, LLC, and | ) |
| CARLOUS L. KING, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the joint motion to approve settlement agreement (docs. 9, 10) and motion to dismiss with prejudice (doc. 7). Upon consideration, and for the reasons set forth herein, the motion to approve settlement agreement is GRANTED and the settlement is APPROVED as a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions. Therefore, plaintiff Jimmy Salter is due the sum of $156.33 as back wages and $156.33 as liquidated damages for a total sum of $312.66 and his counsel is due the sum of $4,100.00 as a reasonable attorney's fee, plus court costs of $350.00 and costs of $50.00, for a total of $4,500.00. Accordingly, the motion to dismiss (doc. 7) is GRANTED and this action is hereby dismissed with prejudice.

Pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Court must "scrutinize[e] the settlement for fairness" to the plaintiff and determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) quoting *Lynn's Food Stores v. United States*, 679 F. 2d 1350, 1353, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009). In the complaint, plaintiff alleges that

defendants were his employer and that this "action is brought to recover unpaid hourly wages." (doc. 1). As factual support, Plaintiff alleges that he "was not properly compensated for straight time in conformity with the FLSA". (doc. 1). Plaintiff asserts that defendants "issued a check to [him] that was dishonored for insufficient funds" which the defendants "have refused to honor." (doc. 1). Thus, there was a bona fide dispute over FLSA provisions requiring payment of a minimum hourly wage. 29 U.S.C. § 206.

The Court must next determine whether the settlement is a fair and reasonable resolution of that dispute. In the joint motion to approve settlement, plaintiff states that he was due the sum of $156.33 as unpaid wages and has now been paid his unpaid wages plus the sum of $156,33 as liquidated damages for a total sum of $312.66 (docs. 9, 10). Since plaintiff has received all unpaid wages he claims, the Court finds that the settlement is a fair and reasonable resolution of this bona fide dispute.

Additionally, in the joint motion to approve settlement, the parties seek approval of attorney's fees in the amount of $4,100.00 (based upon 16.4 hours at the rate of $250.00 per hour), court costs in the amount of $350.00, and the private process server fee of $50.00, for a total of $4,500.00. The parties explain that after plaintiff's paycheck was dishonored, he tried to obtain his wages from defendant but was unsuccessful. However, when he retained counsel and filed this action, the matter was resolved by negotiation. Plaintiff and counsel state that they have been paid in full. (doc. 7, motion to dismiss; docs. 9-10, joint motion to approve settlement).

Pursuant to 29 U.S.C. § 216(b), "[t]he court in [an FLSA action] shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In general, when assessing the reasonableness of an attorney's fee, the Court begins with a calculation of the

lodestar - multiplying the hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  However, in this circumstance, defendants have already paid plaintiff's counsel and paid plaintiff his full claim for unpaid wages plus a penalty.  Thus, the amount paid to plaintiff's counsel by defendants appears to be a separately agreed upon attorney's fee and costs which was addressed independently of plaintiff's claim and therefore does not adversely affect plaintiff's recovery. *See Bonetti v. Em barq Management Co.*, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); *Quiros v. GCA Services Group, Inc.*, 2011 WL 3269594 (M.D. Fla. July 7, 2011) (approving an agreed upon attorney's fee which was negotiated separately and determined independently from the plaintiff's wage claim and paid in addition to the amount paid to plaintiff).

Therefore, because the Court may apply its own judgment and expertise to independently evaluate an attorney's services, *see Norman*, at 1301, and because the parties apparently find this amount reasonable based on their arms-length negotiation, the Court approves the attorney's fees and costs as paid. *See Longcrier v. HL-A Co., Inc.*, 2009 WL 1118906, 2 (S.D.Ala., Apr. 27, 2009) ("The apparent reasonableness of both the hours worked and the hourly rates applied is bolstered by defendant's acquiescence in, and lack of objection to, any of plaintiffs' calculations.").

Final judgment as required by *Lynn's Food Stores, Inc. v. United States of America*, 679 F. 2d. 1350, 1355 (11th Cir. 1982), shall be entered by separate document.

Further, the Court does not retain jurisdiction to enforce the settlement agreement.

**DONE** and **ORDERED** this 6th day of April, 2012.

                                                      s/  Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**